J-S75033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR POWELL, | |
| Appellant | No. 1317 EDA 2014 |

Appeal from the PCRA Order entered April 11, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0002378-2006

BEFORE:  ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 01, 2014**

Omar Powell ("Appellant") appeals *pro se* from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and convoluted procedural history are as follows:

[Appellant] was arrested on drug charges in July 1996 in [the victim's] home.  [Appellant's] trial on those drug charges was scheduled for March 3, 1997.  [The victim] was going to testify at the drug trial that the drugs found in her house belonged to [Appellant].  The March 3, 1997 trial was continued.

In the early morning hours of March 10, 1997, officers from the Allentown Police Department responded to a report of a shooting at 7th and Allen Streets.  Officers found [the victim] lying in the street at that location, dead from gunshot wounds to the head.

On the night and early morning hours prior to the murder, [Appellant] had been transporting cocaine and guns from New York to Allentown with two friends and an

acquaintance he did not know. While [Appellant] drove on 7th Street in Allentown, he spotted [the victim]. He drove around the block, parked his car and asked one of his friends, Reginald Tyson (Tyson) to get out of the car with him. [Appellant] and Tyson walked up to [the victim] and waited for a car stopped at the light at the intersection where [she] was standing to drive off. Once it did, [Appellant] said something to [the victim] and shot her in the head. [Appellant] and Tyson ran back to the car, stated to their friend waiting in the car that they thought [the victim] was dead, and drove to the room where they were staying in Allentown. The gun was later taken back to New York.

On March 12, 1997, [Appellant] was arrested for a separate incident on charges of possession of a firearm without a license. As a result of [the victim's] death, the Commonwealth's 1996 drug case was significantly weakened and the prosecutor offered [Appellant] a plea agreement for the drug case and the possession of a firearm to run concurrently.

A federal inmate named Dimitris Smith (Smith) had provided statements to the Commonwealth implicating [Appellant] in the murder of [the victim]. He had also provided investigators with the name of an eyewitness to the murder, Tyson, an inmate incarcerated in New York state prison.

[Appellant] was subsequently arrested in 2005 for the homicide of [the victim]. Both Smith and Tyson testified against [Appellant] at trial and told the jury that [Appellant] had killed the victim to prevent her from testifying against him in a state drug prosecution.

In addition to Smith and Tyson, the Commonwealth presented three federal inmates as witnesses against [Appellant]: Randy Jackson, Kelvin Welmaker and Jamar Welmaker. These witnesses testified that [Appellant] confessed to killing [the victim] while they were incarcerated together at Lehigh County Prison.

After a trial by jury, [Appellant] was found guilty of Murder in the First Degree on March 29, 2007. On April 17, 2007, he was sentenced to life in prison. The Pennsylvania Superior Court denied [Appellant's] direct

- 2 -

appeal. A petition for [*allocatur*] was filed with the Pennsylvania Supreme Court; it was also denied. [Appellant] filed a *pro se* PCRA Petition on August 24, 2009. Counsel was appointed on September 1, 2009, and on October 9, 2009, [PCRA] counsel filed an Amended PCRA Petition. A hearing on the Amended PCRA Petition was held on January 26, 2010, and briefs from [Appellant] and Commonwealth were filed thereafter.

The PCRA court denied the petition on June 25, 2010. Appellant filed a timely appeal on July 14, 2010. On August 13, 2010, Appellant filed a second PCRA petition, which was stayed by the [PCRA] court on November 24, 2010, because Appellant's first appeal was pending before [the Superior] Court. Despite the [PCRA] court's stay, Appellant continued to file documentation which he purported to be "amendments" to his second PCRA petition. On August 22, 2011, a panel of this Court affirmed the trial court's order [denying post-conviction relief]. Appellant's petition for allowance of appeal by our Supreme Court was denied on March 13, 2012.

On August 30, 2012, Appellant filed a document with the PCRA court entitled "Amended Brady Violation issues." After some confusion, it was determined that this document was intended to be an addendum to Appellant's August 13, 2010 PCRA petition, which was previously stayed due to the pendency of Appellant's first PCRA appeal. Accordingly, after learning that the [Pennsylvania] Supreme Court denied Appellant's petition for allowance of appeal with respect to his first PCRA, the PCRA court determined that the stay of Appellant's second PCRA petition was no longer in effect and considered the August 13, 2010 petition (and all subsequent filings) as a second PCRA petition. On September 24, 2012, after a review of those documents, the [PCRA] court entered an order denying and dismissing Appellant's second PCRA petition on the basis that it lacked jurisdiction to consider the untimely petition. On October 31, 2012, Appellant filed a notice of appeal.

**Commonwealth v. Powell**, 82 A.3d 463 (Pa. Super. 2013), unpublished

memorandum at 1-4 (citations and footnote omitted).

We affirmed the PCRA court's determination that Appellant's second PCRA petition was untimely. ***Powell***, ***supra***. On December 17, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Powell***, 83 A.3d 168 (Pa. 2013).

The PCRA court summarized the subsequent procedural history as follows:

> On October 8, 2013, [Appellant] filed the "Motion to Vacate Conviction and Dismiss Charge" (motion to vacate) presently before the court. In the motion, [Appellant] asserts that he obtained new evidence which demonstrates his innocence. Because [Appellant] had an appeal from a denial of an earlier petition filed under the [PCRA] pending before the Superior Court at the time this motion was filed, the Honorable Douglas G. Reichley placed a stay on proceedings on the motion on October 29, 2013. On January 22, 2014, while the stay was still in place, [Appellant] filed a *pro se* amendment to the motion to vacate.
>
> On January 29, 2014, Judge Reichley entered an order lifting the stay. He treated the motion to vacate as a PCRA petition in that the PCRA is the sole means to obtain collateral review and any petition filed after a judgment of sentence becomes final will be treated as a PCRA petition. Because this was not [Appellant's] first PCRA petition, [Judge Reichley] did not appoint counsel to represent [Appellant.] Judge Reichley also gave notice to [Appellant] on January 29, 2014, of [his] intention to dismiss [Appellant's] PCRA petition and his amended PCRA petition pursuant to Pa.R.Crim.P. 907. The notice explained that [Appellant's] petitions appeared to be untimely.
>
> On March 4, 2014, [Appellant] filed a response to the notice of intent to dismiss. In this response, [Appellant] asserted that his PCRA petitions were timely due to the "after-discovered evidence" exception to the PCRA's time requirement[.]

Also on March 4, 2014, [Appellant] filed a petition requesting that Judge Reichley disqualify himself from these proceedings. By order filed March 11, 2014, Judge Reichley granted [Appellant's] petition to disqualify noting that he had represented [Appellant] in the past. This case was then reassigned to [the PCRA court].

On March 31, 2014, [Appellant] filed a motion requesting appointment of a judge to review all of Judge Reichley's prior decisions. This motion was moot upon filing because the case had already been reassigned[.] Furthermore, to the extent [Appellant] was attempting to challenge Judge Reichley's dismissal of one of [Appellant's] earlier PCRA petitions, that decision was previously affirmed by the Superior Court.

On April 11, 2014, [the PCRA court] entered an order denying and dismissing [Appellant's] PCRA petition and amended PCRA petition as untimely. [The PCRA court] stated [its] reasons for entering the order in an accompanying opinion.

PCRA Court Opinion, 5/22/14, at 2-3 (citations omitted).

Appellant filed a timely appeal to this Court, in which he challenges the PCRA court's determination that he failed to establish an exception to the PCRA's time bar. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a

hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753

A.2d at 783. **See also** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court following our Supreme Court's denial of *allocatur*, for PCRA purposes, Appellant's judgment of sentence became final ninety days thereafter, on February 11, 2009. 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant filed the instant PCRA petition over four years later.[1] As a result, his PCRA petition is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. When considering a PCRA petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon

---

[1] The PCRA court correctly recognized that Appellant's motion to vacate was properly treated under the PCRA. **See** PCRA Court Opinion, 5/22/14, at 2 (*citing* **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007)).

which the claim was predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

A petitioner is eligible for relief under the PCRA if he can establish the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). This Court has explained the test to be applied to such a claim as follows:

> To obtain relief based on after-discovered evidence, an appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012) (citation omitted). "The test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." ***Id.*** Moreover, "when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case." ***Id.***

In rejecting Appellant's claim, the PCRA court explained:

The evidence offered by [Appellant] to invoke the exception is an affidavit prepared by Rodney "Sha" Houston. According to [Appellant], he first met Houston in September of 2013 while both men were incarcerated at the Federal Correctional Institution in Fairton, New Jersey. [Appellant] learned that Houston had information about his homicide case so he asked Houston to prepare an affidavit. In the affidavit, Houston claims that he was traveling in a car with "Haitian Mike" Anderson and Dimitrus Smith on the night [the victim] was killed. Houston wrote that, at some point that night, the car stopped and the two other men exited the vehicle while Houston remained inside. When the two men returned, they told Houston that Anderson had killed [the victim]. Anderson threatened to kill Houston if he told anyone about this.

The affidavit reiterated a theory advanced by [Appellant] at his trial, namely, that Anderson, not [Appellant,] murdered [the victim]. On this point, Lavonia Warmkessel testified at trial that she witnessed Anderson threaten to kill [the victim] and hit her with a gun several months prior to the murder. Additionally, Rose Conyers, a witness to the murder, testified that she saw Anderson at the scene of the crime on the night of the murder. Finally, Detective Robert Palmer of the Allentown Police Department testified that he investigated the [victim's] murder and, in the course of his investigation, Orlando Rodriguez told him that he saw Anderson at the scene immediately prior to the shooting. Detective Palmer also testified that Anderson was once considered a suspect in this murder investigation.

The Pennsylvania Supreme Court has held that the after-discovered facts exception focuses on facts, not on a newly discovered or newly willing source for previously known facts. Stated another way, a defendant does not properly invoke the after-discovered evidence exception by merely offering another source for claims previously advanced at trial.

Here, because the affidavit presented by [Appellant] simply offers a new source for a claim previously raised at

trial, it cannot constitute after-discovered evidence for purposes of the exception. As to that claim, the jury evaluated it and rejected it.

[Appellant's] claim of after-discovered evidence failed for another reason. The claims made by Houston in the affidavit were contradicted by several other witnesses to the homicide. At trial, Reginald Tyson testified against [Appellant] as an eyewitness to the murder and told the jury that he saw [Appellant] shoot and kill [the victim]. Dimitrus Smith testified that he was driving in a car with [Appellant] and Tyson on the night of the killing. He witnessed [Appellant] leave the car with a gun to pursue [the victim] and he then saw [Appellant] return five minutes later. [Appellant] said, "I think she's dead." The Commonwealth also presented three federal inmates as witnesses against [Appellant]. They were Randy Jackson, Kevin Welmaker and Jamar Welmaker. These witnesses testified that [Appellant] confessed to killing [the victim] while they were incarcerated together at Lehigh County Prison. Considering the abundance of inculpatory evidence presented at trial, Houston's affidavit only offers some contradictory testimony as to the events surrounding [the victim's] killing. The affidavit does not, as [Appellant] contends, demonstrate his "actual innocence" and cannot be the basis for relief under the PCRA.

PCRA Court Opinion, 5/22/14, at 5-7 (citations omitted).

Our review of the record supports the PCRA court's conclusions, and Appellant's claims to the contrary are unavailing. As to the PCRA court's first conclusion, we agree that, at best, Houston's affidavit represents a "newly willing" source of already known facts rather than "newly-discovered" evidence. *See generally*, *Commonwealth v. Marshall*, 947 A.2d 714 (Pa. 2008). Our review of the record further supports the PCRA court's second conclusion that, because Houston's testimony would do no more than impeach testimony from several witnesses at trial, he is unable to meet the

factors outlined in **Foreman**, **supra**.  In addition, we note that Appellant's request for a remand to test Houston's credibility is not necessary, since his credibility is not at issue.  **Abu Jamal**, **supra**.  Finally, as cogently recognized by the PCRA court, we reject Appellant's reference in his appellate brief to "federal case law regarding federal *habeas corpus* petitions [because it is] inapplicable to the issues at hand."  PCRA Court Opinion, 5/22/14, at 4.

In sum, for all of the above reasons, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's untimely PCRA petition.  We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2014